IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>JAMES WILLIAM LULL,<br><br>        Debtor. | BK. NO. 06-00898<br>(Chapter 7) |
| RONALD K. KOTOSHIRODO,<br>CHAPTER 7 TRUSTEE<br><br>        Plaintiff,<br><br>vs.<br><br>WILLIAM R. HANCOCK; KAPAA 382 LLC, a Hawaii Domestic Limited Liability Company; JANE DOES 1-10; JOHN DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10,<br><br>        Defendants. | ADV. NO. 07-90072<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW<br><br><br>HEARING:<br>DATE:  May 19, 2008<br>TIME:  2:00 p.m.<br>JUDGE: HON. LLOYD KING<br><br>Related Dkt. No. 27 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This is an adversary proceeding in bankruptcy. Fed.R.Bankr.P. 7001(6). Plaintiff Ronald K. Kotoshirodo filed a Motion for Entry of Default Judgment Against Defendant Kapaa 382 LLC on February 29, 2008 (the "Motion"). The Motion also sought certification of judgment under Federal Rules of Civil Procedure, Rule 54(b). Defendant Kapaa 382 LLC ("K382") was duly served with

the Complaint herein, but did not appear or otherwise file an answer. On February 1, 2008, a Default was entered against K382.

The Motion came on for hearing before the Honorable LLOYD KING on May 19, 2008. Appearing were Michael A. Lilly, Esq. and Kathleen M. Baker, Esq., representing Plaintiff Ronald K. Kotoshirodo. Although duly noticed, K382 did not appear at or file an opposition to the motion.

Having considered the arguments of counsel, the evidence submitted by Plaintiff, the testimony and demeanor of the two witnesses called on behalf of Plaintiff, the records and files in this case, for the reasons stated in open court, and good cause appearing therefor, the Court makes the following findings of fact and conclusions of law.

## I. FINDINGS OF FACT

1. This is an action to avoid a preference. 11 USC § 547(b).

2. On December 8, 2006, James William Lull (the "Debtor") filed a Voluntary Petition under Chapter 7, in the United States Bankruptcy Court for the District of Hawai'i.

3. Plaintiff was appointed trustee in bankruptcy in Debtor's case on December 8, 2006.

4. K382 is a Hawai'i Limited Liability corporation, and was at all times material herein doing business in the State of Hawai'i.

2

5. Pursuant to a Promissory Note dated July 1, 2004 (the "K382 Note"), K382 owed $9 million to William F. Mowry, Trustee of the R.S. Mowry Trust dated May 26, 2000, William F. Mowry and Martha J. Mowry, Trustees of the William F. Mowry Living Trust dated November 16, 2000 and the Martha J. Mowry Living Trust dated November 16, 2000 (collectively, the "Mowrys"). Exhibit "1" at ¶¶ 2-3 and Exhibit "A".

6. The K382 Note was guaranteed by the Debtor and Defendant William Hancock. Id. Debtor was a Vice President, Director and 50% owner of Kauai Lease and Loan, Ltd. ("KLL"), a Hawai'i corporation doing business in the State of Hawai'i. Exhibits "E-2" and "F-1". Debtor testified at his Creditors' Meeting on January 9, 2007:

> ...I was a half owner of Kauai Lease & Loan, which was the managing partner of Kapaa 382.

Exhibit "F-2". KLL is the managing member of K382. Exhibit "E-1". K382 is a "Manager-Managed" Limited Liability Company. Id.

7. On January 24, 2006, Debtor delivered his check no. 2016 for $1 million (the "$1 Million Transfer") to Mowrys' attorneys, Belles Graham Proudfoot & Wilson ("BGWS") along with a handwritten note. Exhibit "1" at ¶ 4-6 and Exhibits "B" and "C-1".

8. The next day (January 25, 2006), Debtor authorized Mr. Graham to deposit the $1 million check into BGWS' client trust account for transmittal to

3

Mowrys as partial payment on K382's debt to Mowrys. Id., at ¶¶ 7-8. On January 25, 2006, the check was deposited into BGWS' Client Trust Account and the $1 million were wired to Mowrys' account in Jacksonville, Florida. Exhibit "D" and Exhibit "1" at ¶¶ 9-10.

9. K382 is an insider to the Debtor because it is an "affiliate" pursuant to 11 U.S.C. § 101 (31)(E).

10. The $1 Million Transfer took place within the one year preceding the Debtor's bankruptcy petition, which was filed on December 8, 2006.

11. Thomas Ueno, CPA, who was qualified as an expert, performed a solvency analysis of the Debtor using the "balance sheet" approach of 11 U.S.C. § 101(32). Mr. Ueno opined that Debtor was insolvent, as that term is defined in 11 U.S.C. § 101(32), on December 8, 2005, January 24, 2006, April 21, 2006, October 17, 2006, and December 8, 2006. Because there were no substantial changes in Debtor's solvency between December 8, 2005 and December 8, 2006, Mr. Ueno testified that Debtor remained insolvent throughout that period.

12. The Debtor was insolvent on January 24, 2006, being the date of the $1 Million Transfer.

13. At the time of the $1 Million Transfer, Debtor owed K382 an antecedent debt. K382 is an unsecured creditor claiming over $2.5 million in the Debtor's bankruptcy. See Proof of Claim No. 51 filed March 27, 2007.

4

U.S. Bankruptcy Court - Hawaii  #07-90072  Dkt # 45  Filed 05/22/08  Page 4 of 7

14. On October 22, 2007, Plaintiff made demand (the "Demand") on Defendant via Defendant William Hancock, its agent, to return the $1 Million by November 7, 2007. Exhibit "G" and Declaration of Stephen A. Jones.

15. Plaintiff is entitled to prejudgment interest in the amount of $24,394.52. Id.

16. The amounts owed by K382 to Plaintiff are as follows:

| | | |
|---|---|---:|
| a. | Principle amount: | $ 1,000,000.00 |
| b. | Interest at legal rate, HRS § 478-3 as of May 19, 2008: | $ 24,394.52 |
| c. | Deferred filing fee | $ 250.00 |
| d. | Total: | $ 1,024,644.52 |

## II. CONCLUSIONS OF LAW

1. This court has jurisdiction over this adversary proceeding, which is a core proceeding in bankruptcy. 28 U.S.C. § 157(b)(2)(I). Venue is proper.

2. Plaintiff's First Amended Complaint filed April 1, 2008 (the "Complaint") states two claims for relief relevant to the Motion. Count I alleges that the $1 Million Transfer was a voidable preference under 11 U.S.C. § 547(b). Count III seeks recovery from K382 of the value of the $1 Million Transfer under 11 U.S.C. § 550(a).

3. Plaintiff has met the elements of 11 U.S.C. § 547. The $1 Million Transfer was to or for the benefit of a creditor (i.e., K382), for or on account of an antecedent debt before the transfer was made, and made within one year before the

5

filing of the Debtor's petition. K382 was, at the time of the $1 Million Transfer, an "affiliate" of Debtor, so K382 was an "insider" pursuant to 11 U.S.C. § 101(31)(E). The Debtor was insolvent at all times between December 8, 2005 and December 8, 2006 as well as the date of the $1 Million Transfer on January 24, 2006. Finally, the $1 Million transfer meets the requirements of 11 U.S.C. § 547(b)(5) in that it enabled Defendant to receive more than it would have received through a Chapter 7 liquidation of Debtor's estate.

4. Plaintiff has therefore satisfied all elements of 11 U.S.C. § 547(b).

5. Default judgment will be entered in favor of Plaintiff and against K382 on Counts I and III.

6. Any Conclusion of Law which is a Finding of Fact shall be deemed and considered as a Finding of Fact. Any Finding of Fact which is a Conclusion of Law shall be deemed and considered a Conclusion of Law.

7. Judgment will be entered in favor of Plaintiff and against K382 as follows:

    (i) For the principal amount of $1,000,000.

    (ii) For interest at the legal rate to May 19, 2008 of $24,394.52.

    (iii) For deferred filing fees of $250.00.

    (iv) For total judgment in the amount of $1,024,644.52.

8. The foregoing judgment will hereafter bear interest at the federal legal rate.

9. Plaintiff has met the requirements for certification of the judgment under FRCP, Rule 54(B).

DATED: Honolulu, Hawai'i, _____MAY 2 2 2008_____.

_____/s/ Lloyd King_____
Lloyd King
U.S. Bankruptcy Judge